IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNY REESE ASHWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:25-cv-251-TFM-B |
| | ) |
| WILLIE JACKSON, IV, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' *Motion to Dismiss* (Doc. 12, filed 8/4/25). The Court finds that no response is necessary for the resolution of the motion.

On July 29, 2025, the Court entered an order stating "Plaintiff shall file an update in accordance with S.D. Ala. CivLR 4(a)(3) by the **July 31, 2025** deadline required under the rule." *See* Doc. 11.  No response was filed to the Court's order.  On August 4, 2025, Defendants Penske Truck Leasing Co. LP and STG Drayage LLC filed a motion to dismiss under Fed. R. Civ. P. 4(m) for failure to timely serve.  *See* Doc. 12  Specifically, Defendants argue that "in accordance with Fed. R. Civ. P. 4(m), "if a Defendant is not served within [45 days according to Local Rule 4(a)(3)] after the Complaint is filed the Court - - on motion or on its own after notice to the Plaintiff - - must dismiss the action without prejudice against that Defendant or order that service be made within a specified time." *Id*. at 2 ¶ 4.  While Defendants acknowledge that the period under Rule 4(m) has not yet run, they argue the time is curtailed because of the S.D. Ala. CivLR 4(a)(3).

However, Defendants' attempt to curtail the time for service is not something specified under either Rule 4(m) or S.D. Ala. CivLR 4(a)(3).  Defendants provide no legal support – either

in the rule or caselaw – for their attempt to change the Rule 4(m) timeline which provides 90 days.[1] Rather, they simply substitute as part of the statutory text the local rule 45-day update deadline as a substituted Rule 4(m) deadline. The Court finds that this flies in the face of the specified deadline established by Rule 4(m). Moreover, while there can certainly be consequences (discussed more below) of the failure to comply with the local rules and the Court's orders, that does not on its own authorize a modification to a statutory deadline established by the Federal Rules of Civil Procedure.

Therefore, the Defendants' Motion to Dismiss (Doc. 12) is **DENIED** without the need for a response from the Plaintiff.

However, that does still leave remaining the issue that Plaintiff failed to comply with the Court's order and the requirements of S.D. Ala. CivLR 4(a)(3) which states: "Notice of Service Attempt. If within forty-five (45) days after the filing of the Complaint, Plaintiff has neither completed service by summons nor received a waiver of service, Plaintiff shall file a notice describing the action taken by Plaintiff to complete service and the results of those efforts." The Court issued its order to remind Plaintiff of the requirement, and Plaintiff still failed to comply with the directive. Moreover, since this case was removed, the Court has seen no indication that Plaintiff is doing anything to move forward the service of the final defendant. Therefore, it is **ORDERED** that Plaintiff shall **SHOW CAUSE on or before August 12, 2025** why she failed to comply with the Court's order and the requirements of the local rules.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373,

---

[1] The Court noted in its prior order that because this case was removed, the period began anew upon the date of removal. Therefore, the Rule 4(m) deadline is September 15, 2025.

1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  Therefore, Plaintiff is put on notice that failure to respond again may result in the imposition of sanctions to include the potential dismissal of Defendant Willie Jackson, IV under Fed. R. Civ. P. 41(b) for failure to prosecute and/or failure to obey court orders.

**DONE** and **ORDERED** this 5th day of August, 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE